## Huntington v. Bloomsburg Area Industrial Development Assn., Inc.

*Gailey C. Keller*, for plaintiff.
*Jay W. Myers*, for defendant.

KREISHER, P. J., August 17, 1971.—The above-captioned assumpsit action was instituted by the filing of a complaint wherein it is alleged plaintiff is entitled to recover damages in accordance with the terms of a lease agreement.

Counsel for defendant has filed preliminary objections to said complaint in the nature of a motion for

a more specific complaint and in the nature of a motion to strike off the complaint.

Plaintiff rented 55 acres of farmland from defendant for a term of one year beginning April 1, 1970, at the rental of $1,000, payable in advance.

Paragraph three of said agreement provides:

"In the event that the Lessor shall sell any portion or all of the leased premises, or shall otherwise determine to take the same, this Lease shall terminate as to the land sold or taken. It is further agreed that in the event the Lessee claims any loss as a result of the termination or taking, that the Lessor shall be present if and when any valuation of the Loss is attempted and in no event shall there be any loss payable by the Lessor to the Lessee unless the parties hereto agree upon said loss."

On June 1, 1970, defendant sold 29½ acres for industrial purposes with immediate possession of fields planted with peas and oats. The said crops were completely destroyed by the construction of the industrial plant; hence, this suit.

Defendant's motion to strike is predicated upon its interpretation of paragraph three above quoted. It is contended that the terms require as a condition precedent to the right of action an agreement between the parties that plaintiff suffered a loss, and since the complaint fails to allege any such agreement, it fails to state a legal cause of action. We do not agree with defendant's interpretation as expressing the true intentions of the parties, because to so hold would give legal sanction to an illegal contract provision. If the terms are construed in accordance with defendant's theory, then plaintiff could not recover in absence of defendant's admission of plaintiff's loss. Such a stipulation is strictly against public policy and violates the rule that one cannot contract away tort

liability. Defendant need only refuse to agree to defeat plaintiff's case under defendant's theory. Certainly, this was not the intention of the parties, especially since no provision for arbitration is contained in the paragraph. Furthermore, there is no consideration mentioned in the contract which will support the alleged forbearance by plaintiff lessee.

Finally, applying the doctrine of equity and justice to defendant's theory, even admitting for the sake of argument the terms establish a condition precedent, we believe this condition may be waived under the doctrine of unjust enrichment and clean hands. To deny plaintiff the right to recover a loss because defendant refuses to agree there is a loss, would, in our opinion, bring about an inequitable result. In the recent case of Universal Builders, Inc. v. Moon Motor Lodge, Inc., 430 Pa. 550, it is held that a condition is considered waivable when its enforcement would result in something approaching fraud or mistake. Likewise, in the case at bar, to predicate plaintiff's right to sue upon defendant's first admitting a loss, would result in something mighty close to fraud; therefore, we conclude defendant's motion to strike is without merit.

Defendant also seeks a more specific statement of plaintiff's claim which is set forth as $3,000 for the complete destruction of 29½ acres of growing peas and oats, or approximately $100 per acre. The Pennsylvania Rules of Civil Procedure provide, Rule 1019(a), that only the material facts upon which a cause of action is based shall be stated in a concise and summary form. They do not require the pleading of evidence, and so long as there are sufficient facts stated to define the issues to be tried and to put the opponent on notice of what he will be called upon to meet at trial, the rules are satisfied.

The material facts are stated at length in the complaint, the issue is sharply defined and defendant should have no difficulty in filing a responsive answer, so we conclude this motion to be without merit and merely a dilatory tactic. Furthermore, if defendant wishes to learn more details prior to trial, the rules of civil procedure give him ample opportunity by means of depositions and discovery to practically pre-try the issues involved: Pa. R. C. P. 4001-4025.

## ORDER

And now, August 17, 1971, it is ordered and decreed that the preliminary objections filed in the above-captioned action be and the same are hereby dismissed and discharged. Defendant is allowed 20 days from the date of this order to file an answer. Exception noted.